JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DEPUY and CATHLEEN WRIGHT, individually and as Personal Representatives of the Estate of Cathryn Depuy,<br><br>Plaintiffs,<br><br>v.<br><br>AIRCRAFT SPRUCE & SPECIALTY CO., a California business entity; et al.,<br><br>Defendants. | CASE NO. CV 17-7226-R<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |

Before the Court is Defendants' Motion to Dismiss, which was filed on October 6, 2017, and Plaintiffs' Motion to Remand, which was filed on October 27, 2017. (Dkt. Nos. 10, 17). Having been fully briefed by both parties, this Court took the matters under submission on November 30, 2017.

Plaintiffs allege the following. In September 2015, Cathryn Depuy was killed in an airplane crash when the engine lost power. The engine lost power because the carburetor component of the aircraft's fuel delivery system malfunctioned. Plaintiffs are the parents of Cathryn Depuy and the duly appointed personal representatives of her estate. Defendants are business entities that sold and distributed the carburetor component, which was installed on the

subject airplane as a replacement part. Plaintiffs sue for the wrongful death of Cathryn Depuy under a theory of strict products liability. Plaintiffs claim the carburetor was defective in manufacture and design and Defendants did not provide adequate warnings. Defendants move to dismiss the Complaint for failure to state a claim. Plaintiffs move to remand the case.

As a preliminary matter, all arguments based on Local Rule 7-3 are inapposite because this Court waives Local Rule 7-3. (Dkt. No. 13).

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "[T]he defendant always has the burden of establishing that removal is proper." *Id.* Where a complaint does not raise a federal claim on its face, federal question jurisdiction may exist when federal law *completely* preempts a state law cause of action. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). Where federal law does not completely preempt a state law cause of action, federal preemption may only be raised as a defense. *Moore-Thomas*, 553 F.3d at 1244. Such "ordinary preemption" does not provide a basis for removal. *Id.*

The Federal Aviation Act ("FAA") does not create a federal cause of action for personal injury suits. *Martin v. Midwest Express Holdings,* 555 F.3d 806, 808 (9th Cir. 2009)*; see also Estate of Sesay v. Hawker Beechcraft Corp.*, No. CV-04637-JHN-CWx, 2011 WL 7501887, at *3 (C.D. Cal. Dec. 9, 2011) (discussing *Martin* in context of wrongful death suit). Accordingly, the complete preemption doctrine cannot provide a basis for removal of such suits. *Webb v. Desert Bermuda Dev. Co.*, 518 Fed. App'x. 521, 522 (9th Cir. 2013). Here, the FAA does not create a federal cause of action for the wrongful death of Cathryn Depuy. Therefore, the complete preemption doctrine does not provide a basis for removal.

The Ninth Circuit decisions in *Montalvo* and *Gilstrap* do not change this analysis. *Montalvo* and *Gilstrap*, together, teach that the FAA preserves state law tort claims and remedies. *See Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1004, 1006 (9th Cir. 2013) (explaining that FAA regulations do not preempt elements of breach, causation, or damages in state law negligence

2

claim); *Montalvo v. Spirit Airlines* 508 F.3d 464, 469, 474 (9th Cir. 2007) (concluding that FAA preempts only duty to warn in context of airline warnings to passengers in case based on diversity jurisdiction). Here, the FAA does not displace Plaintiffs' state law products liability claim. *See Cavner v. Cont'l Motors, Inc.*, No. C12-1092 RSL, 2012 WL 4467171, at *2 (W.D. Wash. Sept. 27, 2012) (rejecting argument that FAA preempts field of aircraft maintenance and inspection in strict products liability context). The complete preemption doctrine does not provide a basis for removal.

Despite Defendants' argument to the contrary, the Supreme Court's *Grable* analysis does not apply here. *Grable* is among a "special and small category" of cases that asks whether a federal court may hear a state law claim that raises an "actually disputed" and "substantial" federal issue without disturbing the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699-700 (2006). *Grable* involved "a nearly pure issue of law." *Id.* "Substantial federal questions historically have been ones involving a federal agency's interpretation of a federal statute." *Sesay*, 2011 WL 7501887, at *4.

This case does not depend on interpretation of the FAA. The fact that portions of the FAA may conflict with state law does not mean any federal issue here is "substantial." Further, litigation of tort claims from an airplane crash is a largely factual inquiry. *See Zahora v. Precision Airmotive Corp.*, No. 06-CV-3520, 2007 WL 765024, at *2 (E.D. Pa. Mar. 9, 2007) (rejecting the argument that *Grable* established federal jurisdiction in airplane crash). *Grable* does not apply.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is GRANTED. (Dkt. No. 17).

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is MOOT. (Dkt. No. 10).

Dated: January 10, 2018.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE